The Attorney General has received a letter from your office where in our opinion is requested on the following questions: 1. Does money received from the United States under a specific contract, (as distinguished from Grants) and applied to either the whole or a percentage of a Teacher's Retirement member salary constitute "Federal Funds" as that term is used in 70 O.S. 17-108 [70-17-108] of Oklahoma Statutes ? 2. May 70 O.S. 17-108 [70-17-108], Oklahoma Statutes constitutionally discriminate between "Federal Funds" and other sources of University revenue for the purpose of requiring the University to match the Oklahoma Teacher's Retirement System contributions of its employees? 3. If a college or university has elected to pay the Teacher's Retirement contributions of its employees who are members of the Oklahoma Teachers' Retirement System (pursuant to 70 O.S. 17-108.1 [70-17-108.1]), is the institution also required, pursuant to 70 O.S. 17-108 [70-17-108], to match those contributions it makes on behalf of members whose salaries are paid by federal funds? Referring to 70 O.S. 17-108 [70-17-108] (1978), the pertinent part thereof states as follows: "Each local school district, or state college or university, or State Board of Education or State Board of Vocational Education, or other state agencies whose employees are members of the Teachers' Retirement System shall match the contributions of members whose salaries are paid by federal funds. These funds shall be remitted at the same time as the regular contributions of members are remitted to the Teachers' Retirement System of Oklahoma and deposited in the Retirement Benefit Fund. (Emphasis added). Regarding question number 1, the Legislature's use of the words "members whose salaries are paid by federal funds" is inaccurate in that, in reality, all of the employee-members in question have their salaries paid entirely out of state funds. Whenever monies are disbursed by the federal government and deposited with the State Treasury for use by a state agency or institution, such as a college or university, such funds lose their federal character and become funds of the State of Oklahoma. See Atty. Gen. Op. 79-60 (April 30, 1979). As a result, the federal monies received by the State become state funds before any distribution thereof has been made to the agency or institution or ultimately to an employee of the same. Therefore, it is appropriate to consider the term "federal funds" as used in 70 O.S. 17-108 [70-17-108] to mean state monies received by the State from federal sources. The term would encompass any form of monies received by the State from the federal government regardless of whether the same was disbursed pursuant to a federal grant, contract, or otherwise. Regarding question number 2, it is clear that the Legislature can lawfully require an employer institution or agency to match the contributions of its members who are paid with funds that originated with the federal government without requiring it to match the contributions of its members paid from other funds. At present, the amount contributed by each member of the retirement system is 5 percent of his or her regular annual compensation. However, the system requires approximately a 15 percent contribution from each member in order to properly operate. The deficit is made up by state dedicated revenue and monies received from state appropriations. As to the employees paid with federally oriented funds, they present an added burden on the State's retirement system in that they have become additional members thereof as a result of funds derived from a source external to the State. Therefore, in order to partially fund the additional deficit in the retirement fund that their membership has generated, the matching provision was enacted which requires the incoming revenue from external sources to pay its fair share of the additional funds required to operate the system over and above what is contributed by system members. As to the constitutionality issue, while the matching provision does distinguish between different types of revenue, the obligation to match is imposed uniformly on, and does not discriminate between, the employer institutions set out in the section. The requirement constitutes a condition on the use of externally originated money which each employer voluntarily chooses to assume when it makes the decision to accept such funds. Therefore, no substantial constitutional issue is presented by the provision in question. Regarding question number 3, a consideration of 70 O.S. 17-108.1 [70-17-108.1] (1978) is necessary. This provision provides as follows: "Any school district, state college or university, State Board of Education, State Board of Vocational Education, or other state agency may, for and on behalf of any member of the Teachers' Retirement System, pay all or any portion of the contribution required by 70 O.S. 17-108 [70-17-108] of this title. Provided, the contribution so paid by any school district, state college or university, State Board of Education, State Board of Vocational Education, or other state agency shall be and remain subject to the withdrawal provisions set forth under the Teachers' Retirement System. Wherever the term "contribution" is used, it shall be deemed to include contributions paid for and on behalf of a member by a school district, state college or university, State Board of Education, State Board of Vocational Education, or other state agency." In light of this provision, the particular employer can elect to pay all or a part of a member's contribution as an added benefit to that employee, even though the entity is not required to do so by law. However, there is nothing contained in the last mentioned provision nor in 70 O.S. 17-108 [70-17-108] intimating that such an election alleviates the employer's obligation to comply with the matching requirement. To the contrary, 70 O.S. 17-108 [70-17-108] unequivocally states that an employer "shall match the contributions'' of members whose salaries are paid from funds originating from federal sources (Emphasis added). As the last sentence in 70 O.S. 17-108.1 [70-17-108.1] indicates, the use of the term "contributions" as just underscored includes contributions paid by an employer on behalf of a member. Furthermore, in construing the word "shall" when used in a statute, the courts have given such word its common meaning of "must" and interpret the same as implying a command or mandate of strict compliance. See Barnes v. Transok Pipeline Co., Okl., 549 P.2d 819 (1976). It is, therefore, the opinion of the Attorney General that your questions be answered as follows: (1) The term "federal funds", as used in 70 O.S. 17-108 [70-17-108] includes any compensation paid to a member out of state funds originating with the federal government regardless of whether the State received the same pursuant to a federal grant, contract, or otherwise. (2) The matching provision in 70 O.S. 17-108 [70-17-108], which distinguishes between federal funds and other bases of employee compensation for the purpose of requiring the employer institution or agency to match retirement contributions, is constitutional. (3) If an employer elects to pay the contributions of its employees who are members of the Teachers' Retirement System, it is still obligated under 17 O.S. 17-108 [17-17-108] to match those contributions it makes on behalf of members whose salaries are paid by federally oriented funds. (BRENT S. HAYNIE) (ksg) ** SEE: OPINION NO. 87-109 (1987) **